# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT L. HOLBROOK, | ) | |
|     Plaintiff, | ) | Civil Action No. 10-265PITTSBURGH |
| | ) | |
| v. | ) | District Judge McLaughlin |
| | ) | |
| CAPTAIN JOHN KINGSTON, et al, | ) | Magistrate Judge Baxter |
|     Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I.  RECOMMENDATION

It is respectfully recommended that Defendants' motion to dismiss [ECF No. 25] be granted in part and denied in part.  More specifically, the Interference with Legal and nonlegal mail claims should be dismissed as they are barred by the statute of limitations, while the retaliation claim should remain pending as it is not completely barred by the statute of limitations and Plaintiff has not failed to state a *prima facie* claim upon which relief may be granted.

### II.  REPORT

#### A.  Relevant Procedural History

Plaintiff, a state inmate acting *pro se*, initiated this civil rights action on February 24, 2010.[1]  Plaintiff alleges that prison officials at the State Correctional Institution at Greene ("SCI-Greene") interfered with his mail, and he seeks damages and declaratory relief for violations of

---

[1] The Original Complaint is dated February 10, 2010. However, in Plaintiff's opposition brief, he notes that this date was a typographical error and that he actually composed the Complaint on February 20, 2010. ECF No. 29, page 4.

1

his constitutional rights under 42 U.S.C. § 1983. Named as Defendants are: Captain John Kingston; Captain Craig Haywood; and Superintendent Louis Folino. All three Defendants are sued in their official and individual capacities.[2] Plaintiff's Complaint can be read to contain three distinct causes of action:

> (1) Violation of the First Amendment when prison officials opened and read Plaintiff's outgoing and incoming nonlegal mail;
>
> (2) Violation of the First Amendment when prison officials opened and read a letter from Plaintiff's attorney outside of his presence on January 24, 2007; and
>
> (3) Violation of the First Amendment when prison officials placed Plaintiff on "Mail Watch" between February 6, 2007 and March 6, 2008 in retaliation for Plaintiff's past correspondence with religious and prison watch-dog groups.

ECF No. 6.

On January 21, 2011, Plaintiff amended the Original Complaint to add new details concerning the prison mail watch.[3] ECF No. 24. In response, Defendants filed a motion to dismiss. ECF No. 25. Plaintiff has filed a Brief in Opposition. ECF Nos. 28, 29.

Presently before the Court is the motion to dismiss. Defendants contend that all three claims are time-barred in their entirety. In the alternative, Defendants argue that Plaintiff's allegations all fail to state a claim upon which relief may be granted.

---

[2] Plaintiff seeks damages from the three Defendants in their official capacities. The Eleventh Amendment proscribes actions in the federal courts against states, their agencies, and state officials acting within their official capacities. Laskaris v. Thornburgh, 661 F.2d 23 (3d Cir. 1981)(Pennsylvania); Mt. Healthy City Board of Education v. Doyle, 429 U.S. 274 (1977) (state agencies); Edelman v. Jordan, 415 U.S. 651 (1974) (state employees acting in their official capacity). To the extent that Plaintiff seeks damages from Defendants in their official capacities, he has failed to state a claim upon which relief may be granted.

[3] Because Plaintiff is a *pro se* litigant, this Court will liberally construe the Amended Complaint as a supplement to the Original Complaint.

2

B. Standards of Review

1) *Pro Se* Litigants

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520-521 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969) (petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Smith v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992); Freeman v. Dep't of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Co., 906 F.2d 100, 103 (3d Cir. 1990)(same). Because Plaintiff is a *pro se* litigant, this Court may consider facts and make inferences where it is appropriate.

2) **Motion to dismiss pursuant to 12(b)(6)**

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). A complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570 (rejecting the traditional 12

(b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)). See also Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937 (2009) (specifically applying Twombly analysis beyond the context of the Sherman Act).

A Court need not accept inferences drawn by a plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the Court accept legal conclusions set forth as factual allegations. Twombly, 550 U.S. at 555, citing Papasan v. Allain, 478 U.S. 265, 286 (1986). See also McTernan v. City of York, Pennsylvania, 577 F.3d 521, 531 (3d Cir. 2009) quoting Iqbal, ___ U.S. at ___, 129 S.Ct. at 1949 ("The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."). A plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 556, citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at 570.

In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief." Smith v. Sullivan, 2008 WL 482469, at *1 (D. Del.) quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Phillips, 515 F.3d at 234, quoting Twombly, 550 U.S. at 556 n.3.

The Third Circuit subsequently expounded on the Twombly/Iqbal/Phillips line of cases:

> To prevent dismissal, all civil complaints must now set out 'sufficient factual matter' to show that the claim is facially plausible. This then 'allows the court to draw the reasonable inference that the defendant is liable for the alleged misconduct.'
>
> * * *
>
> [A]fter Iqbal, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. **First, the factual and legal elements of a claim should be separated. The district court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a district court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.' In other words, a complaint must do more than allege the plaintiff's entitlement to relief.** A complaint has to 'show' such an entitlement with its facts. As the Supreme Court instructed in Iqbal, '[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief.' This 'plausibility' requirement will be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.

Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009) (emphasis added) (internal citations omitted).

### C. Statute of Limitations

Defendants move to dismiss all claims due to the time bar of the statute of limitations. The federal civil rights laws do not contain a specific statute of limitations for § 1983 actions. However, it is well established that the federal courts must look to the relevant state statute of limitations. Wilson v. Garcia, 471 U.S. 261, 266 (1985) (later overruled only as to claims under the Security Exchange Act of 1934). In Pennsylvania, the statute of limitations is two years from the date of the alleged violation. See McCreary v. Redevelopment Authority of The City of Erie, 2011 WL 1848333, at *2 (3d Cir. 2011) citing Kach v. Hose, 589 F.3d 626, 634 (3d Cir. 2009).

**1) Timeliness of the Interference with Mail Claims**

This action was initiated in February of 2010. The Complaint is dated February 10, 2010, although Plaintiff claims he actually composed the complaint February 20, 2010. ECF No. 29, page 4. Even affording Plaintiff the benefit of the earliest possible date—February 10—many of Plaintiff's allegations are time-barred. Plaintiff alleges prison officials opened his mail as early as 2007:

> In February and March of 2007 plaintiff was informed by his family and friends that his letters were arriving slit open[,] resealed with adhesive tape and dated weeks apart.
> 
> \* \* \*
> 
> In March of 2007 plaintiff was informed by members of the Human Rights Coalition chapters in Philadelphia, Pittsburgh and Chester that his letters were arriving slit opened, resealed with adhesive tape and dated weeks apart.
> 
> \* \* \*
> 
> In February 2007 and thereafter plaintiff's Incoming Mail was being delivered to him in batches with letters dated weeks apart.

ECF No. 6, Original Complaint, page 6. These incidents are the only specific allegations of prison officials opening and reading Plaintiff's nonlegal mail. All three fall outside of the two-year statute of limitations. To fall within the statute of limitations time period, Plaintiff must have filed his lawsuit by February and March of 2009.

Much the same may be said for Plaintiff's allegation that prison officials opened his legal correspondence outside of his presence:

> On January 24, 2007 plaintiff received a "Strategy letter" from his attorney detailing new developments and the merits of plaintiff's challenges to his criminal conviction. The letter was clearly marked legal mail and was received by plaintiff opened.

ECF No. 6, page 7.[4] Plaintiff had until January 2009 to save any cause of action arising from this incident from the time bar of the statute of limitations. As it stands, all specific allegations

---

[4] The exhibits attached to the Original Complaint indicate that Plaintiff's legal mail was opened by mail room staff in error. See ECF No. 6-16, page 2.

that prison officials opened Plaintiff's legal and nonlegal mail are time-barred and those claims should be dismissed.[5]

### 2) Timeliness of the Retaliation Claim

Plaintiff's retaliation claim presents a thornier issue. In the factual recitation of the Original Complaint, Plaintiff states that he was first placed on the SCI-Greene's Mail Watch list in 2007 "because of plaintiff's contribution of articles to outside publications and his association with outside activists and activist organizations." ECF No. 6, page 7. Taken alone, this would militate in favor of dismissal, since 2007 is well outside of the statute of limitations. However, Plaintiff alleges that the Mail Watch continued until March of 2008 making at least a portion of Plaintiff's time on Mail Watch within the two year statute of limitations.

In his Amended Complaint, Plaintiff further alleges that it had been his understanding that the Mail Watch was a permanent situation due to Defendants' failure to respond to his inquiries about its scope and duration, and that it was not until October 30, 2009, that he was informed that he had been removed from Mail Watch on March 6, 2008. ECF No. 24, ¶ ¶ c – g. Because at least a portion of the Mail Watch falls within the appropriate statute of limitations and because the portion outside the statute of limitations may constitute a continuing violation[6] so as

---

[5] Plaintiff fails to meet the test for the application of the continuing violations doctrine as to these specific instances of interference with mail because Plaintiff has not alleged that any of the specific conduct (i.e., the opening and reading of both legal and nonlegal mail) occurred within the statute of limitations time period and because the doctrine does not apply when the plaintiff is aware of the injury at the time of occurrence. Seawright v. Greenberg, 233 Fed. Appx 145, 149 (3d. Cir.) quoting Morganroth & Morganroth v. Norris, McLaughlin & Marcus, P.C., 331 F.3d 406, 417 n.6 (3d Cir. 2003).

[6] "The continuing violation doctrine [...] is an 'equitable exception to the timely filing requirement.'" Voices for Independence (VFI) v. Pennsylvania Dept. of Transp., 2007 WL 2905887, at * 4 (W.D.Pa.) quoting Cowell v. Palmer Township, 263 F.3d 286, 292 (3d Cir. 2001). "The application of the continuing violations theory may be appropriate in cases in which a plaintiff can demonstrate that the defendant's allegedly wrongful conduct was part of a practice or pattern of conduct in which he engaged both without and within the limitations period."

to equitably toll the statute of limitations (a determination better made at the summary judgment stage of this litigation), Defendants' motion to dismiss should be denied.

### E. The Retaliation Claim

Alternatively, Defendants move to dismiss the retaliation claim arguing that Plaintiff has failed to state a *prima facie* claim of retaliation in that he has not alleged that he suffered any adverse action. Plaintiff claims that Defendant Kingston, as security captain, authorized Plaintiff's placement on the Mail Watch; that Defendant Haywood, as security lieutenant, supervised and carried out the reading, monitoring and photocopying of Plaintiff's mail; and Defendant Folino, as Superintendent, authorized Plaintiff's placement on the Mail Watch. Allegedly all these Defendants acted in retaliation for the content of Plaintiff's previous written speech. ECF No. 6.

"Retaliation for the exercise of constitutionally protected rights is itself a violation of rights secured by the Constitution actionable under section 1983." See White v. Napoleon, 897 F.2d 103, 111-12 (3d Cir.1990). "Government actions, which standing alone, do not violate the Constitution, may nonetheless be constitutional torts if motivated in substantial part by a desire to punish an individual for exercise of a constitutional right." Mitchell v. Horn, 318 F.3d 523, 530 (3d Cir. 2003), quoting Allah v. Seiverling, 229 F.3d 220, 224-25 (3d Cir. 2000).

---

McAleese v. Brennan, 483 F.3d 206, 218 (3d Cir. 2007) citing West v. Philadelphia Elec. Comp., 45 F.3d 744, 754 (3d Cir.1995). In other words, "when a defendant's conduct is part of a continuing practice, an action is timely so long as the last act evidencing the continuing practice falls within the limitations period; in such an instance, the court will grant relief for the earlier related acts that would otherwise be time barred." Brenner v. Local 514, United Bhd. Of Carpenters and Joiners of America, 927 F.2d 1283, 1295 (3d Cir. 1991). See also National R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 113 (2002). Stated in negative terms, a continuing violation is "more than the occurrence of isolated or sporadic acts." Jewett v. International Telephone and Telegraph Corp., 653 F.2d 89, 91 (3d Cir. 1981).

8

In order to state a *prima facie* case of retaliation, a prisoner must demonstrate:

> 1) the conduct in which he was engaged was constitutionally protected;
>
> 2) he suffered "adverse action" at the hands of prison officials; and
>
> 3) his constitutionally protected conduct was a substantial or motivating factor in the decisions to discipline him.[7]

Carter v. McGrady, 292 F.3d 152, 157-58 (3d Cir. 2002), quoting Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001).[8]

Defendants argue that Plaintiff has not sufficiently alleged that he suffered adverse action. To show an "adverse action," the plaintiff must demonstrate that defendants' action were "sufficient to deter a person of ordinary firmness from exercising his [constitutional] rights." Allah v. Al-Hafeez, 208 F.Supp.2d 520,535 (E.D. Pa. June 24, 2002), quoting Allah v. Seiverling, 229 F.3d at 225. See also Dixon v. Brown, 38 F.3d 379, 379 (8th Cir. 1994) (a plaintiff "need not show a separate, independent injury as an element of the case ... because the retaliatory disciplinary charge strikes at the heart of an inmate's constitutional right to seek redress of grievances, [and] the injury to his right inheres in the retaliatory conduct itself.").

---

[7] In analyzing the third element of the retaliation test, the court must determine whether there is a causal connection between the exercise of the constitutional rights and the adverse actions. "A suggestive temporal proximity between the protected activity and an alleged retaliatory act may be sufficient to meet the causal link requirement of the prima facia case." Allah v. Al-Hafeez, 208 F.Supp.2d at 535, citing Rauser, 241 F.3d at 330 and Johnson v. Rendell, 56 F.Supp.2d 547, 552 (E.D. Pa. 1999).

[8] Following the satisfaction of a *prima facie* case of retaliation, the burden then shifts to the defendants to demonstrate, by a preponderance of the evidence, that their actions would have been the same, even if Plaintiff were not engaging in the constitutionally protected activities. Carter, 292 F.3d at 158. "Once a prisoner has demonstrated that his exercise of a constitutional right was a substantial or motivating factor in the challenged decision, the prison officials may still prevail by proving that they would have made the same decision absent the protected conduct for reasons reasonably related to a legitimate penological interest." Rauser, 241 F.3d at 334.

Here, Plaintiff's allegations of adverse action surround the Mail Watch situation which included the monitoring of all of his incoming and outgoing mail. This satisfies the adverse action prong as having all one's mail monitored would deter a person of ordinary firmness from the exercise of his constitutional rights. Plaintiff has stated a *prima facie* retaliation claim in this regard, and accordingly, the motion to dismiss should be denied.

### III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that Defendants' motion to dismiss [ECF No. 25] be granted in part and denied in part. More specifically, the Interference with Legal and nonlegal mail claims should be dismissed as they are barred by the statute of limitations, while the retaliation claim should remain pending as it is not completely barred by the statute of limitations and Plaintiff has not failed to state a *prima facie* claim upon which relief may be granted.

In accordance with 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72, the parties must seek review by the district court by filing Objections to the Report and Recommendation within fourteen (14) days of the filing of this Report and Recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of Objections to respond thereto. See Fed.R.Civ.P. 72(b)(2). Failure to file timely objections may constitute a waiver of appellate rights. See Brightwell v. Lehman, 637 F.3d 187, 194 n.7 (3d Cir. 2011); Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated: August 4, 2011