# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT L. HOLBROOK,　　　　　) | |
| 　　　　　　　　　　　　　　　　) | |
| 　　　Plaintiff,　　　　　　　　　) | |
| 　　　　　　　　　　　　　　　　) | Civil Action No. 10-265 Pittsburgh |
| 　　　　　v.　　　　　　　　　　) | |
| 　　　　　　　　　　　　　　　　) | |
| CAPTAIN JOHN KINGSTON, et al., ) | |
| 　　　　　　　　　　　　　　　　) | |
| 　　　Defendants.　　　　　　　　) | |

## MEMORANDUM ORDER

This civil rights action was received by the Clerk of Court on February 24, 2010 and was referred to United States Magistrate Judge Susan Paradise Baxter for report and recommendation in accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrates. Presently pending before the Court is the Report and Recommendation [ECF No. 75], filed on November 27, 2012, recommending that the Motion for Summary Judgment filed by Defendants [ECF No. 63] be granted.

This case arises out of Plaintiff's incarceration at the State Correctional Institution at Greene ("SCI Greene"). Following several rounds of motions, Plaintiff's remaining claims are that the Defendants retaliated against him for exercising his First Amendment rights by (1) placing him on "mail watch" between February 6, 2007 and March 6, 2008; and (2) opening a single piece of his legal mail in January 2008. [ECF No. 6]. With respect to the first claim, the Magistrate Judge concluded that, although the Plaintiff had established a *prima facie* case of retaliation, the Defendants met their burden of demonstrating that they would have made the same decision absent the protected conduct for reasons reasonably related to a legitimate penological interest. [ECF No. 75] pp. 14-21. The Magistrate Judge further concluded that Plaintiff's claim based on the single instance of the opening of his legal mail was time-barred by the

1

statute of limitations. *Id*. at pp. 21-23. Thereafter, Plaintiff filed Objections on December 10, 2012 [ECF No. 76], and the Defendants filed a Response [ECF No. 77] on January 11, 2013. After de novo review of the documents in the case, together with the Report and Recommendation and Objections thereto, we agree with the Magistrate Judge that the Defendants are entitled to summary judgment but write briefly to address the Plaintiff's objections.[1]

Plaintiff contends that the Magistrate Judge erred in relying on a document not produced to him during discovery in granting summary judgment. [ECF No. 76] p. 1. The record reflects, and the Defendants concede, that the Field Intelligence Report was not produced to the Plaintiff as ordered by the Magistrate Judge on November 11, 2011. However, the Magistrate Judge declined to exclude the Report from consideration, stating:

> Plaintiff argues that this Field Intelligence Report should be excluded because Defendants did not produce it in discovery despite an Order by this Court to do so. ECF No. 71, page 21. Plaintiff adds that Defendants' conduct constitutes fraud upon the Court and that he has filed a separate motion requesting that Defendants be fined for their actions in this regard. Id. The docket does not reflect any such motion. However, this Court will entertain a motion for sanctions as to this issue. See ECF No. 73, Transcript of Motion to Compel Hearing held on November 15, 201[1].

[ECF No. 75] p. 16 n.16. Plaintiff argues that the untimely disclosure of the Report prejudiced his ability to "mount a defense" to the stated reasons for imposition of the mail watch. [ECF No. 76] p. 3. We disagree.

Plaintiff requested and was granted an extension of time in which to file a response to the Motion for Summary Judgment. Plaintiff did not, however, request an extension based on the untimely disclosure of the Report. [ECF No. 69]. He was granted an additional 30 days in which to respond to the Motion, *see* Text Order entered

---

[1] Plaintiff does not object to the Magistrate Judge's recommendation with respect to the single instance of the opening of his legal mail.

2

on July 9, 2012, and no further extensions were requested. Moreover, Plaintiff addressed the information contained in Defendant Kingston's affidavit in opposition to the Defendants' Motion. Plaintiff pointed to the Defendants' discovery responses, supplied his own affidavit, and produced the affidavits of other individuals in his attempt to demonstrate a triable issue of fact. *See, e.g.*, [ECF No. 70-1], [ECF No. 70-2].

Moreover, the failure to produce the Report in a more timely fashion was not due to willful or bad faith conduct on the part of the Defendants. The Report was timely submitted to Defendants' counsel on November 23, 2011 following the Motion to Compel hearing, but was apparently misfiled upon receipt. [ECF No. 77] p. 7 n.1. Counsel indicated that he had no recollection of seeing the document until May of 2012, while preparing the supporting documents for the Motion for Summary Judgment. *Id*. Here, given the lack of prejudice to the Plaintiff and the fact that the late disclosure of the Report was the product of a filing error, it was properly considered by the Magistrate Judge in ruling on the Defendants' Motion for Summary Judgment.[2]

As to the merits, Plaintiff raises the same arguments in his Objections that he pressed before the Magistrate Judge, namely, that the Defendants' penological reasons for placing him on mail watch were pretextual. In concluding that summary judgment was appropriate, the Magistrate Judge stated:

> In Opposition to Defendants' evidence of their legitimate penological interest in placing Plaintiff on Mail Watch, Plaintiff argues that such is pre-text and should not be credited. Plaintiff notes that he arrived at SCI Greene in May of 2003, yet Mail Watch was not imposed upon him until four years later. ECF No. 71. Defendants were aware of Plaintiff's prior "institutional adjustment history" as well as his affiliation with and rank in the FOI in May of 2003. Plaintiff also claims that Defendant Kingston has previously been admonished by the courts for placing false information in prisoner's files and for doing shoddy investigations. Yet, contrary to Plaintiff's assertions, the precipitating event in early 2007 was the discovery of three copies of the newsletter entitled "Don't Shank the

---

[2] Plaintiff subsequently filed a Motion for Sanctions on January 25, 2013. [ECF No. 78]. Defendants filed a Response on February 11, 2013. [ECF No. 79]. For the reasons set forth above, the Plaintiff's Motion will be denied.

3

Guard Handbook," one of which was addressed to Plaintiff. ECF No. 66-2, ¶ 5. It was this event, along with the written materials (returned from England) and Plaintiff's violent history, which provided the basis for the request for Mail Watch.

Moreover, while pretext is an available avenue to rebut a legitimate nondiscriminatory reason put forward by an employer-defendant defending against a retaliation claim in an employment setting, the Third Circuit has not recognized pretext in retaliation claims arising in a prison setting. See, for example, Carter v. McGrady, 292 F.3d 152 (3d Cir. 2002) (noting that even if prison officials were motivated by retaliatory animus toward jailhouse lawyers, there was sufficient evidence of plaintiff's misconduct offenses to conclude that this misconducts (*sic*) would have issued notwithstanding his jailhouse lawyering). Therefore, not only has Plaintiff not opposed the evidence produced to effect a genuine issue of material fact, his only basis for opposition is pretext, which is not recognized for these purposes. Defendants are entitled to judgment as a matter of law.

[ECF No. 75] pp. 20-21 (footnote omitted).[3]

Here, we conclude, as did the Magistrate Judge, that the Plaintiff has failed to raise a triable issue of fact as to the legitimacy of the Defendants' proffered penological interests in opening the Plaintiff's mail. This is particularly so given the level of deference due prison authorities relative to security related issues. *See Carter v.*

---

[3] We disagree with the Magistrate Judge's categorical rejection of pretext evidence in the context of a First Amendment prison retaliation claim and agree with the Defendants' analysis of pretext evidence in this context. In that regard, Defendants state:

> It would seem that, because the Rauser analysis necessarily requires the defendant prison official to advance reasons for his or her challenged conduct which are "*reasonably related* to a *legitimate penological* interest," the issue of pretext is thereby subsumed within the retaliation analysis as it is currently constructed. Thus, while the Court is not required to view the issue as one where a plaintiff's pretext evidence is offered and considered *in rebuttal* of the defendant's evidence, it would seem that the defendant prison official in the present analysis will be required nonetheless to establish the *bona fides* of his or her evidence on the issue of whether the reasons for his or her conduct are "reasonably related to a legitimate penological interest." Cf. Avent v. Cate, 2011 WL 2462982, 7 (E.D.Cal. 2011) ("prison officials may not defeat a retaliation claim on summary judgment simply by articulating a general justification for a neutral process, when there is a genuine issue of material fact as to whether the action was taken in retaliation for the exercise of a constitutional right") (quoting Bruce v. Ylst, 351 F.3d 1283, 1289 (9th Cir. 2002)).

[ECF No. 77] p. 10 n.2 (emphasis in original).

*McGrady*, 292 F.3d 152, 158 (3d Cir. 2002) (stating that "[t]he Supreme Court has made clear that decisions of prison administrators are entitled to great deference" and that "[p]rison administrators should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security.") (quoting *Bell v. Wolfish*, 441 U.S. 520, 547, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979)); *Rauser v. Horn*, 241 F.3d 330, 334 (3d Cir. 2001) (recognizing that "the task of prison administration is difficult, and that courts should afford deference to decisions made by prison officials, who possess the necessary expertise"); *Defranco v. Wolfe*, 387 Fed. Appx. 147, 155 (3d Cir. 2010) (noting that whether the prison official has met his burden is examined under a "deferential standard"); *Holbrook v. Walters*, 296 Fed. Appx. 230, 233 (3d Cir. 2008) (noting that whether the defendant would have made the same decision absent the protected conduct for reasons reasonably related to penological interest "must be evaluated in light of the 'great deference' generally afforded to prison officials' decisions regarding prison administration").

Accordingly, Plaintiff's Objections will be overruled, and summary judgment will be entered in favor of the Defendants. An appropriate Order follows.

## **ORDER**

AND NOW, this 12th day of February, 2013, upon consideration of the Motion for Summary Judgment [ECF No. 63], the Report and Recommendation of the Magistrate Judge [ECF No. 75], the Plaintiff's Objections [ECF No. 76] and the Defendants' Response to the Objections [ECF No. 77],

IT IS HEREBY ORDERED that the Plaintiff's Objections [ECF No. 76] are OVERRULED. IT IS FURTHER ORDERED that the Defendants' Motion for Summary Judgment [ECF No. 63] is GRANTED. JUDGMENT is hereby entered in favor of Defendants and against the Plaintiff.

The Report and Recommendation [ECF No. 75] of the Magistrate Judge is adopted as the opinion of the Court as supplemented herein.

IT IS FURTHER ORDERED that upon consideration of the Plaintiff's Rule 60(b) Motion for Sanctions [ECF No. 78] and the Defendants' Response [ECF No. 79], the Plaintiff's Motion for Sanctions [ECF No. 78] is DENIED.

The Clerk is directed to mark the case closed.

                                                  s/    Sean J. McLaughlin
                                                       United States District Judge

cm:    All parties of record
        Susan Paradise Baxter, U.S. Magistrate Judge